MONAGAS, PLAINTIFF AND APPELLEE, *v.* RIVERA ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in Injunction
Proceedings.—Motion for Dismissal.

No. 3240.—Decided January 31, 1924.

INJUNCTION—APPEAL—DEMURRER—RESTRAINING ORDER.—The fact that in a de-
murrer to a complaint in injunction proceedings in which a restraining order
was issued it is prayed that the restraining order be set aside, does not
authorize an appeal from an order overruling the demurrer and granting the
defendant time within which to answer. Such an order does not come within
subdivision 3 of section 295 of the Code of Civil Procedure and an appeal
taken therefrom will be dismissed.

The facts are stated in the opinion.

*Mr. H. F. Besosa* for the appellants.

*Mr. J. Sabater* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The appellee moves for dismissal of the appeal on the
ground that the order sought to be reviewed is not ap-
pealable.

The record shows that an injunction proceeding was
filed in the District Court of Mayagüez. The defendants
were summoned and filed a pleading which reads as follows:

"Now comes defendants J. Rivera Cabrera, Marshal of the First
District Court of San Juan, and the Simmons Hardware Company
by attorney Harry F. Besosa and respectfully demur to the com-
plaint in injunction on the following ground:

"That this court is without jurisdiction of the parties and of
the subject-matter of the action.

"For the foregoing reasons they pray this court, in due course
of law, to sustain the demurrer for lack of jurisdiction and conse-
quently to dismiss the complaint in injunction, setting aside the
restraining order granted on January 22, 1923, and imposing the
costs, expenses and attorney's fees upon the plaintiff."

The demurrer was disposed of by the court in an order
whose dispositive part reads as follows:

"Therefore, the court overrules the demurrer to the complaint

or petition and allows the defendant *twenty days* within which to answer the complaint.''

From that order of the court the defendants took the appeal referred to in the motion for dismissal.

It is so clear that no appeal lies from an order overruling a demurrer and allowing time within which to answer the complaint that the appellants themselves admit it, but they contend that an appeal lies in this case because subdivision 3 of section 295 of the Code of Civil Procedure establishes the right of appeal from an order ''granting or dissolving an injunction,'' or ''refusing to grant or dissolve an injunction,'' and in this case the order appealed from has the effect of a refusal to dissolve an injunction.

We think otherwise. The pleading filed was a demurrer. The order appealed from merely overruled the demurrer and allowed the defendant ten days within which to answer the complaint. Unless the party waives the opportunity and moves for judgment, the proceeding remains open in the district court and, therefore, has not reached the stage when it may be brought up for review by the Supreme Court.

It is true that in the prayer of the demurrer it is sought to have set aside a certain restraining order granted on January 22, 1923. In the body of the pleading no reference is made to the restraining order. The order is not included in the record. The pleading by its nature is clearly a demurrer and as such it was considered and disposed of by the court. The ruling of the court does not fall within the provisions of subdivision 3 of section 295 of the Code of Civil Procedure, for it does not grant or dissolve or refuse to grant or to dissolve an injunction.

The appeal must be dismissed.

*Appeal dismissed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.